UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Criminal No. 10-20042
                                                 Honorable Julian Abele Cook, Jr.

DARIUS MILLER,

        Defendant.

## ORDER

On December 9, 2010, pursuant to a Rule 11 Plea Agreement, the Defendant, Darius Miller, pled guilty to the unlawful distribution of 11.91 grams of cocaine base in March 2008, in violation of 21 U.S.C. §841(a)(1). The plea agreement recommended a sentencing guideline range of 188 to 235 months of imprisonment. At Miller's sentencing hearing, the Court departed from this guideline range pursuant to USSG §5H1.4, taking into account that Miller was permanently paralyzed from the waist down by a gunshot wound, and placed him in the custody of the Bureau of Prisons for a period of 120 months. Miller now requests a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). In this case, the sentencing guidelines for crack cocaine offenses were

reduced after Miller was sentenced. On August 3, 2010, Congress passed the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), which effectively reduced the crack-to-powder cocaine disparity from a 100:1 weight ratio to an 18:1 weight ratio. *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). The United States Sentencing Guidelines Manual (effective November 1, 2011) includes permanent amendments which implement the new ratios of the Fair Sentencing Act. On June 30, 2011, the United States Sentencing Commission voted to apply these amendments retroactively to offense conduct that occurred prior to the enactment of the Fair Sentencing Act, which includes Miller's drug sales in 2008. The parties agree that, as a result of these events, Miller is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Miller contends that his current sentence should be reduced from 120 months to 83 months to take into account (1) the new guideline range and (2) the 68-month departure ordered by the Court at his sentencing hearing. Under the amended guidelines, Miller's career offender guideline range would be reduced two levels from 31 to 29, which would result in a new guideline range of 151 to 188 months. Miller notes that the Court's original sentence constitutes a departure of 68 months from the guidelines sentence (188 - 120 = 68 months). He requests an identical departure from the newly calculated guidelines, which would result in a new sentence of 83 months (151 - 68 = 83 months).

The Probation Officer concurs in Miller's request for a reduction in his sentence, although his calculation differs from Miller's. Where Miller calculated the magnitude of the Court's departure in terms of months, the Probation Officer calculated the Court's departure in terms of percentage. As noted above, the Court's initial sentence was 68 months fewer than the lowest guideline sentence (188 months). This represents an approximate 36% reduction in the

recommended sentence (68 / 188 months = 36.17%). Applying a proportional reduction to the new guideline range, the Probation Officer recommends a new sentence of 96 months (151 months - 36.17% reduction = 96 months).

The Government, on the other hand, requests that the Court deny Miller's request for any reduction in his sentence, because Miller (1) committed a serious criminal offense and (2) has an extensive criminal history. In this case, Miller admitted that he sold crack cocaine to undercover agents on three separate occasions. On a fourth occasion, he promised to sell drugs and a firearm but actually intended to steal the money from the agents without delivering the items.

In addition, Miller has three relevant prior convictions of selling or attempting to sell drugs, as well as a recent arrest for firearms offenses. First, in April 2000, Miller was arrested for the delivery/manufacturing of controlled substances and attempted delivery/manufacturing of controlled substances. He was again arrested in November 2000, while the prior case was pending, for the same offense. In each case, he pled guilty to attempted delivery/manufacturing of controlled substances and was sentenced to a lifetime term of probation. In September 2002, Miller was arrested and charged with two counts of delivery/manufacturing of controlled substances less than 50 grams. This conviction resulted in a violation of his probation. Most recently, in September 2010, Miller was arrested again and charged with (1) being a felon in possession of a firearm, (2) felony firearm, and (3) assault with a dangerous weapon for allegedly shooting at a driver on Southfield freeway. He was subsequently acquitted of these charges by a jury.

The Government contends that this history demonstrates a pattern of criminal activity and a disregard for the criminal justice system's attempts at rehabilitation. It submits that Miller's criminal history score reflects his propensity to commit future crimes and indicates that Miller will

undoubtedly return to drug trafficking and assaultive behavior upon his release from prison. As a result, the Government requests that the original sentence of 120 months remain unchanged.

Notwithstanding the Government's objection, the Court will sentence Miller to a term of imprisonment of 96 months. At the sentencing hearing, the Government made similar arguments, which the Court considered prior to issuing a sentence. Nevertheless, the Court elected to depart from the recommended sentence due to Miller's physical condition. Inasmuch as Miller's physical condition continues to warrant a departure from the recommended sentence, a similar proportional reduction in the new recommended sentence will provide a term of imprisonment that is sufficient but not greater than necessary to accomplish the goals of sentencing.

For the reasons discussed above, Miller's request for a reduced sentence (ECF Nos. 31, 35) will be granted in part and denied in part. The Court will sentence Miller to a term of imprisonment of 96 months and his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 29) is denied for reasons of mootness.

IT IS SO ORDERED.

Date: September 25, 2013  s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 25, 2013.

s/ Kay Doaks
Case Manager